IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS DEAN MCDONALD,<br><br>Defendant. | CR 24-69-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Douglas Dean McDonald (McDonald) has been accused of violating the conditions of his supervised release. (Docs. 45 and 54). McDonald admitted most of the alleged violations. McDonald should be sentenced to custody for 4 months with 32 months of supervised release to follow.

**Status**

On February 25, 2025, McDonald plead guilty to the offenses of Involuntary Manslaughter, in violation of 18 U.S.C. §§ 1112(1) and 1153(a) as charged in Count 1 of the Indictment. (Doc. 36). McDonald was sentenced to 18 months of custody, followed by 3 years of supervised release. (Doc. 43). McDonald's current term of supervised release began on March 9, 2026.

**Petition**

On April 16, 2026, the United States Probation Office filed a Petition requesting that the Court revoke McDonald's supervised release. (Doc. 45). The Petition alleged McDonald violated the conditions of his supervised release by: (1) testing positive for methamphetamine, marijuana and fentanyl on April 15, 2026; (2) having possession of a dangerous weapon, a machete, on April 15, 2026 without the permission of his probation officer; and (3) being charged by Blackfoot Law Enforcement with the misdemeanor offense of Criminal Possession of Drug Paraphernalia, in violation of Blackfoot Tribal code, Chapter 5, Part V, Section 8, on April 15, 2026.

**Initial Appearance**

McDonald appeared before the Court on May 5, 2026. McDonald was represented by counsel. McDonald stated that he had read the Petition and that he understood the allegations against him. McDonald waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation Hearing**

McDonald appeared before the Court on May 5, 2026. McDonald admitted that he had violated the conditions of supervised release as set forth as allegations 1 and 2 in the Petition. The Government moved to dismiss allegations 3, which the

Court granted. The Court continued McDonald's sentencing hearing until September 15, 2026, at 10:30 a.m.

**Amended Petition**

On August 12, 2026, the United States Probation Office filed an Amended Petition requesting that the Court revoke McDonald's supervised release. (Doc. 54). The Amended Petition alleged McDonald additionally violated the conditions of his supervised release by: (4) failing to comply with substance abuse testing requirements on July 28, 2026; (5) failing to attend individual or group substance abuse treatment sessions since July 28, 2026; (6) using fentanyl during July of 2026; (7) failing to comply with substance abuse testing requirements on August 10, 2026; and (8) failing to report to the Browning probation office on August 11, 2026.

**Second Initial Appearance**

McDonald appeared before the Court on August 26, 2026. McDonald was represented by counsel. McDonald stated that he had read the Amended Petition and that he understood the allegations against him. McDonald waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Second Revocation Hearing**

McDonald appeared before the Court on August 26 2026. The Court noted that McDonald had previously admitted that he had violated the conditions of

supervised release as set forth as allegations 1 and 2 in the Amended Petition. The Government moved to dismiss allegation 6, which the Court granted. McDonald then admitted he had violated the conditions of his supervised release as set forth in allegations 4, 5, 7 and 8 of the Amended Petition.. McDonald's admitted violations, 1, 2, 4, 5, 7 and 8, are serious and warrant revocation of his supervised release.

**Sentencing hearing**

McDonald appeared before the Court on August 26, 2026. McDonald' violations are Grade C. His criminal history category is II. McDonald's underlying offense is a Class D felony. McDonald could be incarcerated for up to 24 months. McDonald could be ordered to remain on supervised release for 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

## III. Analysis

Pursuant to 18 U.S.C § 3583(e)(3), McDonald's supervised release should be revoked. McDonald should be sentenced to custody for 4 months with 32 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

## IV. Conclusion

The Court informed McDonald that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court

also informed McDonald of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to McDonald that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. McDonald waived his right to appeal and allocute before Judge Morris.

The Court **FINDS**:

That DOUGLAS DEAN MCDONALD has violated the conditions of his supervised release by: (1) testing positive for methamphetamine, marijuana and fentanyl on April 15, 2026; (2) having possession of a dangerous weapon, a machete, on April 15, 2026 without the permission of his probation officer; (4) failing to comply with substance abuse testing requirements on July 28, 2026; (5) failing to attend individual or group substance abuse treatment sessions since July 28, 2026; (7) failing to comply with substance abuse testing requirements on August 10, 2026; and (8) failing to report to the Browning probation office on August 11, 2026.

The Court **RECOMMENDS**:

That the District Court revoke McDonald's supervised release and sentence McDonald to custody for 4 months with 32 months of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 27th day of August 2026.

John Johnston
United States Magistrate Judge